UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROLAND MINER III,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH DITMANSON, Unit Manager – A Floor, individual and official capacity; KASSANDRA HALL, Mental Health, individual and official capacity; JOE WELSCH, Mental Health, individual and official capacity; ROBERT FREDRICKSON, Mental Health, individual and official capacity; DAREN YOUNG, individual and official capacity; and ANDREW WILLIAMS, individual and official capacity;<br><br>Defendants. | 4:18-CV-04042-KES<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT IN PART, AND DIRECTING SERVICE |

**INTRODUCTION**

Plaintiff, Ronald Miner III, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. Miner filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. Docket 1; Docket 3. The court has now screened Miner's complaint under 28 U.S.C. § 1915A. For the following reasons, the court grants Miner's motion to proceed in forma pauperis, dismisses his complaint in part, and directs service in part.

## FACTUAL BACKGROUND

Miner's complaint generally concerns alleged violations of his right to be free from cruel and unusual punishment. Docket 1. Miner alleges that Keith Ditmanson[1], Kassandra Hall, Joe Welsch, Robert Fredrickson, and Daren Young created a four point care plan that was used to punish him. *Id.* at 5. When the four point care plan was restarted, Miner alleges that he was left on the four point care plan for more than twenty-four hours and denied an hour to walk to prevent blood clots.

Miner also alleges that Ditmanson tried to humiliate him by cutting off his clothing in front of female guards, without first providing him the opportunity to remove the clothing himself. *Id.* at 13. Miner alleges that Ditmanson directed correctional officers to harass him verbally and physically. For example, Miner alleges that correctional officers stepped on his feet, falsely claimed Miner was resisting, and unnecessarily used force. *Id.* Miner alleges that Andrew Williams assaulted him by performing an "infra orbital" at Ditmanson's direction. *Id.* While performing the "infra orbital," Miner alleges that Williams stated, " 'you think I forgot' or that 'I'll cuff you up so you can slip'em and we can fight.' " *Id.*

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.

---

[1] Miner names "Kieth Ditmanson" as a defendant. *See* Docket 1 at 3. The court believes the correct spelling of this defendant's name is Keith Ditmanson and will refer to him as such.

*Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## DISCUSSION

I. **Motion to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay

3

the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Miner provided a copy of his Trust Account Statement from April 3, 2018. Docket 3. Miner has reported average monthly deposits to his trust account of $0 and a balance of $0. *Id.* Based on this information, the court grants Miner leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Miner must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

4

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The clerk of the court will send a copy of this order to the appropriate financial official at Miner's institution. Miner remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.  Screening Under § 1915A

Miner claims defendants violated his right to be free from cruel and unusual punishment. "It is 'well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause.' " *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010) (quoting *Foulk v. Charrier*, 262 F.3d 687, 702 (8th Cir. 2001)). The "core judicial inquiry" in such a claim is " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' " *Id.* (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "One acts 'maliciously' by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts 'sadistically' by engaging in extreme or excessive cruelty or by delighting in cruelty." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir. 1994) (citations omitted).

5

Miner alleges Keith Ditmanson, Kassandra Hall, Joe Welsch, Robert Fredrickson, and Daren Young participated in the creation of the care plan. Docket 1 at 5. If Miner claims that the care plan itself constitutes punishment, he fails to state a claim because a disagreement over treatment does not rise to a constitutional violation. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). If Miner claims that defendants violated the Eighth Amendment in otherwise using the care plan to punish him, he still fails to state a claim. Miner does not allege these defendants played any role in carrying out that care plan and using that plan to punish him. Liability under § 1983 is personal, and each individual defendant's conduct must be assessed. *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006). Miner has not identified who used his care plan to punish him. It is also unclear what the alleged punishment was beyond being unable to go for a walk for twenty-four hours. Even if proven, the Eighth Circuit has held that the Constitution is not violated by the complete lack of exercise for short periods of time. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (stating that 37 days in segregation without exercise "is perhaps pushing the outer limits of acceptable restriction" but is not an atypical and significant hardship that implicates liberty interests); *Leonard v. Norris*, 797 F.2d 683, 685 (8th Cir. 1986) (affirming district court finding of no violation where prisoner was denied recreation for the first 15 days of punitive segregation). Thus, Miner failed to state an Eighth Amendment claim involving his care plan.

Miner alleges Ditmanson violated the Eighth Amendment when Ditmanson allegedly cut off Miner's clothing and ordered guards to verbally and physically harass Miner. Docket 1 at 13. As alleged, Ditmanson's conduct appears punitive and not related to safety or maintaining order and thus could violate the Eighth Amendment. Miner alleges that Williams performed an infra orbital. The court understands an infra orbital to be the application of pressure on the infra orbital nerve at the base of the nose as a pressure point control tactic. As alleged, Williams's conduct was punitive and not related to safety or maintaining order and thus could violate the Eighth Amendment.

Miner fails to state a claim against Kassandra Hall, Joe Welsch, Robert Fredrickson, and Daren Young and these defendants are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The court finds that Miner has stated an Eighth Amendment claim against Ditmanson and Williams and those claims survive screening under 28 U.S.C. § 1915A.

Thus, it is ORDERED

1. Miner's motion to proceed in forma pauperis (Docket 3) is granted.
2. Miner fails to state a claim upon which relief may be granted against Kassandra Hall, Joe Welsch, Robert Fredrickson, and Daren Young and they are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).
3. The remainder of Miner's claims survive screening under 28 U.S.C. § 1915A.

4. The Clerk shall send blank summons forms to Miner so he may cause the summons and complaint to be served on Ditmanson and Williams.

5. Miner shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summonses and USM-285 forms are not submitted as directed, the complaint may be dismissed.

6. The United States Marshal shall serve a copy of the complaint (Docket 1), Summons, and this Order upon defendants as directed by Miner. All costs of service shall be advanced by the United States.

7. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service or 60 days if the Defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

8. Miner will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

9. Miner will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED May 23, 2018.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE